UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:09-CV-00046-KKC

MARCEL T. DEROSSETT     PLAINTIFF

v.     **OPINION AND ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security     DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Marcel T. DeRossett ("Plaintiff") and Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). Plaintiff claims that the Commissioner's decision denying Supplemental Security Income ("SSI") was not supported by substantial evidence. Plaintiff's motion for summary judgment argues that the Commissioner failed to meet his burden of production at step five of the sequential evaluation process. For the reasons set forth below, the Court has determined that this argument is without merit and will grant Defendant's Motion for Summary Judgment (Rec. No. 10).

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed an application for SSI on January 9, 2006 alleging a period of disability beginning September 20, 1993. Tr. 14, 53-63. The claim was denied initially and on reconsideration and a hearing was held before an Administrative Law Judge ("ALJ"). The Plaintiff appeared at the hearing and testified, as did a vocational expert ("VE"). *Id.* at 14. Plaintiff's claim was denied by the ALJ on November 3, 2007. *Id.* at 14-21. The ALJ found that Plaintiff has not been under a disability as defined by the Social Security Act since January 9, 2006, the date that his claim was filed. *Id.* at 21.

Plaintiff then made a request to the Appeals Council for review which was denied. *Id.* at 4-7. Because Plaintiff has exhausted all available administrative remedies, the Commissioner's final decision is now subject to judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## II.     DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 Fed. App'x 503, 506 (6th Cir. 2005).

### B. Overview of the Process

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by their

impairment and that he is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimants impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimants RFC, he must determine whether the claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C. The ALJ's Decision**

At the time of the ALJ's decision, Plaintiff was fifty-one years old and possessed an eighth grade education. Tr. 21, 53, 411. Plaintiff claimed that he was completely disabled due to seizures, back pain, low energy and arthritis. *Id.* at 68, 413.

At step one of the analysis, the ALJ found that although Plaintiff had done some odd jobs, there

was no evidence that he had engaged in substantial gainful activity since the date of his application for SSI.  *Id.* at 16.  At step two, the ALJ found that Plaintiff had several severe impairments including seizure disorder, depression and anxiety.  *Id.*

At step three of the analysis, the ALJ found that plaintiff's does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 17.  The ALJ found that the seizure disorder was well-controlled and did not rise to listing level 11.02 or 11.03.  *Id.*  In addressing Plaintiff's mental impairments the ALJ found that they failed to meet the criteria of listings 12.04 or 12.06.  *Id.*  In making these findings, the ALJ explained that neither the "paragraph B" or "paragraph C" criteria were satisfied.  *Id.*

Prior to step four of the analysis, the ALJ determined that Plaintiff has a RFC that allows him to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: no work at heights or around dangerous machinery and he can never climb ladders or scaffolds.  He is moderately limited in his ability to: understand and remember detailed instructions and maintain attention and concentration for extended periods.  He can complete simple repetitive tasks, can interact appropriately w/others and adapt to routine stress, and changes in the job in a non public setting.

*Id.* at 18.  The ALJ found that while Plaintiff's impairments could reasonably be expected to produce the symptoms that he claimed, his statements concerning their intensity, persistence, and limiting effects were not entirely credible.  *Id.* at 19.  With regard to medical opinion evidence, the ALJ indicated that he accepted Dr. Jurich's opinion that Plaintiff has seizure disorder which limits his ability to work around heights and dangerous machinery.  *Id.* at 20.  He also accepted the statements of Dr. Stewart-Hubbard that Plaintiff does not have physical functional limitations.  *Id.*  Finally, he indicated that significant weight was afforded to state agency psychological consultants regarding Plaintiff's mental limitations.  *Id.*

At step four of the analysis, the ALJ determined that Plaintiff has no past relevant work experience.  *Id.*  The ALJ then found that as of the date of his application for SSI, Plaintiff was fifty

years old, had a limited education, and was able to communicate in English. *Id.* Transferability of job skills was not an issue because he did not have any past relevant work. *Id.* In considering these factors and Plaintiff's RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* This finding was based on the testimony by a VE. *Id.* at 21. As a result, the ALJ concluded that Plaintiff has not been under a disability, as defined by the Social Security Act since January 9, 2006, the date his application for SSI was filed. *Id.*

**D. Analysis**

Plaintiff's sole argument on appeal is that the Commissioner failed to meet his burden of production at step five of the evaluation process. He argues that this is because the testimony provided by the VE did not distinguish whether the jobs identified that Plaintiff was deemed capable of performing were full-time or part-time jobs. Plaintiff has not challenged any of the determinations made by the ALJ at steps one through four of the sequential evaluation process. Plaintiff has not challenged the ALJ's determination of his impairments or the finding that these impairments whether considered singly or in combination do not meet or medically equal a listed impairment. Plaintiff also has not challenged the ALJ's physical or mental RFC determinations.

As discussed above, the ALJ found at step four of the evaluation process that Plaintiff had no past relevant work experience because there was no evidence of substantial gainful activity for the past fifteen years. Tr. at 20. As a result, the ALJ proceeded to step five of the sequential analysis to determine whether there were jobs that exist in significant numbers in the national economy that someone with Plaintiff's RFC, age, education and work experience could perform. *See* 20 C.F.R. § 416.960(c); 20 C.F.R. § 416.966. At this step, the burden shifted to the Commissioner to produce evidence that Plaintiff possesses the capacity to perform other work that exists in significant numbers in the national economy. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). To meet this burden, there must be a finding supported by substantial evidence that plaintiff can perform

specific jobs. *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978).

Testimony by a VE in response to a hypothetical question provides substantial evidence for such a finding where "the question accurately portrays [plaintiff's] individual physical and mental impairments." *Varley*, 820 F.2d at 779 (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). In the event that the VE is able to identify a significant number of jobs that exist in the national economy that the hypothetical person can perform, substantial evidence will support the finding that a plaintiff is not disabled. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). During Plaintiff's hearing, the ALJ asked the VE whether assuming:

> that we have an individual who cannot work at heights or around dangerous machinery, who can never climb ladders or scaffolds, who can complete simple repetitive tasks, can interact appropriately with others, and adapt to routine stress and changes in the job in a non-public setting,...To these limitations I want you to add vocational factors. Assuming our hypothetical person is of the Claimant's age, education and work history, in your opinion, with these limitations would there be a significant number of jobs in the regional or national economy such a person could perform?

Tr. at 420. The VE answered "yes." *Id.* The ALJ then asked whether the limitations regarding dangerous work and climbing eliminated heavy work and the VE responded that these limitations would not eliminate heavy work. *Id.* The ALJ next asked the VE what percentage of the medium, light and sedentary unskilled jobs this hypothetical person could do under the grid rules. *Id.* The VE responded that at medium level[1] this percentage was sixty five percent, at light level[2] fifty percent and at sedentary level[3] approximately fifty percent. *Id.* at 421.

---

[1] Medium work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to twenty-five pounds. 20 C.F.R. § 416.967(c).

[2] Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 416.967(b).

[3] Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. 20 C.F.R. § 416.967(a).

The VE then gave some brief examples of the types and numbers of jobs available for this hypothetical person. *Id.* At the heavy level[4], the example given was material handler and there were 375,000 such jobs nationally. *Id.* At the medium level, the examples given were janitor or cleaner and there were more than 100,000 such jobs nationally. *Id.* An additional example given at this level was landscape helper and there were 248,000 such jobs nationally. *Id.* At the light level, the example given was assembler and hand picker and there were 945,000 such jobs nationally. *Id.* Finally, at the sedentary level, the VE identified jobs such as grader and sorter or assembler and there were 235,000 such jobs nationally. *Id.*

Based on this testimony, the ALJ found that the Commissioner had met his burden of production and concluded that a finding of "not disabled" was appropriate. *Id.* at 20-21. On appeal, Plaintiff now argues that this finding was incorrect because the VE was not asked whether the jobs identified were full-time or part-time. As a result, he claims that the testimony does not provide substantial evidence supporting the ALJ's finding that the Commissioner met his burden of showing that a significant number of jobs exist in the national economy that he can perform.

In support of his argument, Plaintiff references Social Security Ruling (SSR) 96-8p, which defines RFC and provides that:

> RFC is the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a **regular and continuing** basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.

SSR 96-8p, 1996 SSR LEXIS 5, *5, 1996 WL 374184 (1996). Based on this ruling, Plaintiff argues that the Commissioner may not find a claimant "not disabled" at step five of the sequential analysis because he is able to perform part-time work.

---

[4] Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to fifty pounds. If someone can do heavy work, they are also deemed capable of performing medium, light, and sedentary work. 20 C.F.R. § 416.967(d).

Initially, the Court wishes to note that no evidence has been presented by Plaintiff that Plaintiff was found "not disabled" because he is able to perform part-time work. In fact, looking at the record and the ALJ's RFC finding, it is clear that Plaintiff was found capable of performing a full range of work. In addition, this Court believes that Plaintiff interpretation of SSR 96-8p is mistaken. That ruling only indicates that the ALJ must make the RFC determination on the basis of full-time and not part-time work. SSR 96-8p, 1996 SSR LEXIS 5, *5, 1996 WL 374184 (1996). Prior to SSR 96-8p, the Sixth Circuit had frequently recognized that part-time work was regarded as "substantial work activity," so that the ALJ was not required to find a claimant had the ability to work full time. *See Davis v. Sec'y of HHS*, 915 F.2d 186, 189 (6th Cir. 1990); 20 C.F.R. § 404.1572(a)(1989). In that sense, SSR 96-8p, is only relevant to step five of the sequential process because it relates to the ALJ's determination of RFC which is used to determine whether an individual is capable of performing other work in the event that he is unable to perform past relevant work or as with Plaintiff has no past relevant work. In this case as indicated previously, Plaintiff has not challenged the ALJ's RFC determination on appeal. No evidence has been presented that this RFC was determined based on Plaintiff's ability to perform only part-time work.

As the Commissioner's motion correctly notes, Plaintiff has cited no law or regulation standing for the proposition that an ALJ's must ask whether the VE whether his testimony was referring to part-time or full-time work. SSR 96-8p upon which Plaintiff relies heavily is silent about the subject of VE testimony. None of the medical evidence in this case demonstrates that Plaintiff would be limited to part-time work. In fact, the ALJ's RFC determination has not been questioned, found Plaintiff has the RFC "to perform a full range of work at all exertional levels," albeit with certain non-exertional limitations that were accurately conveyed by his hypothetical questions to the VE. Tr. at 18.

Plaintiff also attempts to rely on an Eleventh Circuit opinion as support for his argument. *See Kelley v. Apfel*, 185 F.3d 1211 (11th Cir. 1999). However, the Court in *Kelly* explained that the ALJ never found the claimant to have the RFC to do only part-time work. *Id.* at 1215. His findings equated to

8

a finding that the claimant could perform full-time work. *Id.* Consequently, the Court indicated that it was not necessary to decide the issue whether part-time work, as opposed to full-time work, will prevent a claimant from being found disabled at step five of the sequential analysis. *Id.* As a result, that case offers no support for Plaintiff's proposition that an ALJ must specifically ask the VE whether his testimony refers to full-time or part-time work. This is especially the case, where as here there is simply no indication in the record of a limitation to part-time work.

Finally, the Court wishes to note that the same argument that Plaintiff has raised has been addressed and rejected by the Seventh Circuit in *Liskowitz v. Astrue*, 559 F.3d 737 (7th Cir. 2009). The Court first explained that on its face, SSR 96-8p, 1996 SSR LEXIS 5 applies to the ALJ's RFC determination and not to VE testimony. *Id.* at 744. The Court then explained that the ruling does not in any way indicate that a VE is only permitted to testify as to the availability of full-time jobs. *Id.* Most significantly, the Court noted that there was no way for the VE to know how many of the identified jobs were part-time or full-time because this information is not contained in any government data source on which VE testimony is customarily based. *Id.* at 745. The Court then held that a VE may testify about the number of jobs that a claimant can perform without having to specifically indicate how many of those jobs are part-time. *Id.* The Court believes that the reasoning and decision reached by the Seventh Circuit in *Liskowitz* is sound.

In this case, there is no indication that the ALJ relied on Plaintiff's ability to perform part-time work to support a finding of "not disabled." The Plaintiff has not offered any such evidence. As indicated above, Plaintiff has also failed to cite any authority supporting the argument that he raises - that a VE must specifically identify whether the jobs that a hypothetical person with Plaintiff's characteristics is capable of performing are part-time or full time. Finally, the Court wishes to emphasize that in this case, giving only brief examples, the VE testified that there were well over 1,000,000 jobs nationally that Plaintiff is capable of performing.

For the foregoing reasons, the Court finds that the ALJ's determination that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform is supported by substantial evidence. The Court is not convinced that the ALJ was required to ask the VE whether the jobs that he identified were full-time or part-time. As a result, the Court will grant the Commissioner's motion for summary judgment.

### III. CONCLUSION

For the reasons set forth above, the Court finds that the ALJ's decision is supported by substantial evidence. Accordingly, the Court HEREBY ORDERS that:

(1) Plaintiff's Motion for Summary Judgment (Rec. No. 9) is **DENIED;** and

(2) Defendant's Motion for Summary Judgment (Rec. No. 10) is **GRANTED.**

Dated this 20th day of November, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge